Filed 3/7/16  P. v. Powell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTINA MAE POWELL,<br><br>        Defendant and Appellant. | C077925<br><br>(Super. Ct. Nos. CM041770,<br>  CM038092, CM041876) |

Appointed counsel for defendant Christina Mae Powell has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

**I**

We provide the following brief description of the facts and procedural history of the three underlying cases.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

*Case No. CM038092*

On February 6, 2013, defendant was charged with a single count of child endangerment. (Pen. Code, § 273a, subd. (a).)[1] She pleaded no contest as charged in exchange for dismissal with a *Harvey* waiver[2] of case No. CM034956 and the prosecution's agreement not to oppose her participation in a rehabilitation program. The parties stipulated to the following factual basis for the plea: Defendant gave birth to a child who tested positive for methamphetamine. Defendant was put on a safety plan and placed with the newborn in a residential treatment facility for chemically dependent women and their children. She admitted that she began using methamphetamine during her third trimester of pregnancy, did not inform her doctor of her use, and knew her drug use was dangerous to her unborn child. She also admitted she last ingested methamphetamine on December 10, 2012.

On August 14, 2013, the trial court granted defendant's unopposed motion to withdraw her plea. Thereafter, defendant was charged by amended complaint with felony child endangerment (§ 273a, subd. (a)) and misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). She entered a plea of no contest to the misdemeanor charge. The remaining charge and case No. CM034956 were dismissed on the People's motion. The parties stipulated to the same factual basis for the plea.

On August 29, 2013, the trial court suspended imposition of sentence and placed defendant on summary probation for three years subject to specified terms and conditions, including 90 days in county jail with credit for time served (by agreement of counsel). The court imposed a $140 restitution fine (§ 1202.4, subd. (b)); a

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

2

$140 probation revocation fine, stayed pending successful completion of probation (§ 1202.44); a $30 criminal conviction assessment (Gov. Code, § 70373); a $40 court operations assessment (§ 1465.8); and a $25 OR (own recognizance) release fee (Gov. Code, § 29550).

On July 1, 2014, the district attorney filed a petition for revocation of probation alleging defendant violated probation by possessing a controlled substance without a prescription in violation of Business and Professions Code section 4060.

On October 2, 2014, the trial court took judicial notice of defendant's consolidated plea entered in cases No. CM041770 and No. CM041876 (as discussed *post*) and found her in violation of probation.

## Case No. CM041770

On August 25, 2014, defendant was charged by criminal complaint with forgery (§ 470, subd. (d)—count 1), identity theft (§ 530.5, subd. (a)—count 2), petty theft with three prior theft convictions (§ 666, subd. (a)—count 3), and theft from an elder or dependent adult (§ 368, subd. (d)—count 4). The complaint alleged that as to counts 1, 2, and 3 defendant had suffered five prior prison terms. (§ 667.5, subd. (b).)

## Case No. CM041876

On September 12, 2014, defendant was charged by criminal complaint with unlawful driving or taking a vehicle with a prior vehicle theft conviction (Veh. Code, § 10851; Pen. Code, § 666.5—count 1), receiving stolen property (§ 496, subd. (a)—count 2), identity theft (§ 530.5, subd. (a)—count 3), and possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1)—count 4). The information alleged that as to counts 1, 2, and 3 defendant had suffered two prior prison terms (§ 667.5, subd. (b)) and, at the time of the commission of those offenses, was released on bail or her own recognizance in case No. CM041770 (§ 12022.1).

## Consolidated Plea (Cases No. CM041770 and No. CM041876)

Defendant entered a consolidated plea as follows:

3

In case No. CM041770, defendant pleaded no contest to forgery (count 1) and admitted to one prior prison term in exchange for dismissal with a *Harvey* waiver of all remaining charges and allegations against her. The parties stipulated to the following factual basis to substantiate the plea: Defendant took blank checks from the home of the elderly victim, R.M. She used and endorsed one of the checks with the victim's name to purchase groceries and obtain cash from a Safeway store.

In case No. CM041876, defendant pleaded no contest to receiving stolen property (count 2) and identity theft (count 3) in exchange for dismissal with a *Harvey* waiver of all remaining charges and allegations against her. The parties stipulated to the following factual basis to substantiate the plea: Defendant was stopped while driving a stolen vehicle. An inventory search of the car revealed, among other things, an envelope containing various receipts in defendant's name; property, including credit cards, belonging to various victims; a checking account checkbook in the names of a trust and two of its trustees, with several blank and handwritten, partially completed checks made payable to defendant for various amounts; a deposit slip in the name of another victim; Social Security cards and numbers of various victims; another victim's driver's license; and a piece of paper with another victim's credit card number, expiration date, and CCV (credit card verification) number. The search also revealed multiple pages of binder paper containing information regarding numerous victims' Social Security numbers, dates of birth, addresses, driver's licenses, and identification numbers.

### Consolidated Sentence (Cases No. CM041770, No. CM041876, and No. CM038092)

The trial court denied probation and sentenced defendant to a consolidated aggregate term of five years four months in county prison (§ 1170, subd. (h)) as follows:

In case No. CM041770, the court sentenced defendant to three years (the upper term) on count 1, plus a consecutive one-year term for the prior prison term.

4

In case No. CM041876, the court sentenced defendant to two consecutive eight-month terms (one-third the middle term) for counts 2 and 3, to be served consecutively to the sentence in case No. CM041770.

In case No. CM038092, the court terminated probation and ordered defendant to serve 90 days in county jail, to be served concurrently with the sentences imposed in cases No. CM041770 and No. CM041876.

The court imposed fees, fines, and assessments as follows:

In case No. CM041770, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), an $850 fine (§ 672), a $39 theft fine (§ 1202.5), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8), and reserved jurisdiction to determine victim restitution as to R.M.

In case No. CM041876, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 criminal conviction assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), victim restitution to S.S. in the amount of $750, and victim restitution to P.G. in the amount of $28, reserving jurisdiction to set and modify victim restitution as to those and other victims.

In case No. CM038092, the court ordered that all previously imposed fees and fines be paid, and lifted the stay on the previously imposed $140 restitution fine pursuant to section 1202.44.

Finally, the court awarded defendant 101 days of presentence custody credit (51 actual days plus 50 conduct credits) in case No. CM041770 and none in case No. CM041876.

Defendant filed a timely notice of appeal as to all three cases.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a

5

supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                                RAYE            , P. J.


We concur:


          MAURO          , J.


          DUARTE         , J.

6